# Commonwealth *v.* Miller, Appellant.

*Criminal law—Statutory rape—Age—Evidence — Sufficiency— Charge of the court—Expression of opinion.*

In the trial of an indictment for statutory rape, where all the evidence in the case as to the age of the prosecutrix is to the effect that she was about thirteen years of age at the time of the alleged offense, it was not error for the trial judge in his charge to express a decided opinion upon the fact of the girl's age.

The burden is upon the Commonwealth to prove all the elements of the crime, but, when evidence is produced clearly establishing any fact, and the defendant, in presenting his case, concedes or does not controvert that fact, it is not improper for the judge to say that, in his opinion, the fact is established, so long as he leaves the question of the existence of the fact to the jury.

*Criminal law—New trial—After-discovered evidence—Discretion of trial court.*

The granting or refusal of a new trial, on the ground of after-discovered evidence, is a matter involving the exercise of discretion by the trial court. Where an affidavit is offered by the defendant, as evidence of reason for a new trial, but the defendant took no depositions of the affiant, and the Commonwealth had no opportunity to cross-examine him under oath, the affidavit is an object of suspicion, and the Superior Court will not say, upon appeal, that the trial court was in error in refusing to allow a new trial.

Argued December 5, 1921.  Appeal, No. 29, March T., 1922, by defendant, from judgment of O. and T. Luzerne County, Sept. Sessions, 1920, No. 24, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. William F. Miller.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Indictment for statutory rape, and fornication and bastardy.  Before GARMAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were parts of the charge, rulings on evidence, and refusal to grant a new trial.

*Frank A. McGuigan,* and with him *James H. Shea,* for appellant.—Where age is an ingredient of the offense, the question of age must be submitted to the jury: McGlynn Distilling Co. v. Dervin et al., 260 Pa. 414; Trexler v. Africa, 33 Pa. Superior Ct. 395; Com. v. Walker, 33 Pa. Superior Ct. 167.

*Salvatore DePierro,* Assistant District Attorney, and with him *Arthur H. James,* District Attorney, for appellee.—The granting of a new trial is in the discretion of the court: Brassington v. McManus, 74 Pa. Superior Ct. 127; Wilson v. Startzman & Fox, 73 Pa. Superior Ct. 304; Burman v. Adams Exp. Co., 73 Pa. Superior Ct. 314

OPINION BY PORTER, J., March 3, 1922:

The appellant was tried and convicted upon an indictment containing two counts, the first charging statutory rape under the provisions of the Act of May 19, 1887, P. L. 128, and the second charging fornication and bastardy.  The sentence imposed was based upon the

first count of the indictment. The case is not a pleasant one to contemplate and its discussion will be confined within the narrowest possible bounds.

The first and second specifications of error refer to the charge of the court. The complaint is that the court assumed that the girl upon whom the offense was committed was under the age of sixteen years. We have examined with care the portions of the charge to which these specifications refer and are unable to see anything which we can declare to be error. The learned judge did say, in substance, that, in his judgment, if there was to be any conviction at all, it should be on the first count of the indictment, and it was to this that counsel for the defendant specifically excepted at the conclusion of the charge. But though we find this expression of a decided opinion upon the facts it was done in a manner which did not involve an interference with the province of the jury, for, though the judge said that, in his judgment, it would be absurd to render a verdict of guilty on the second count of the indictment and not guilty on the first, he distinctly instructed the jury that it was a matter for them to determine. In determining whether an expression of opinion by the judge upon the facts of any case is erroneous, the question must be considered in the light of the evidence. The burden is upon the Commonwealth to prove all the elements of the crime, but when evidence is produced clearly establishing any fact and the defendant in presenting his case concedes or does not controvert that fact, it is not improper for the judge to say that, in his opinion, that fact is established, so long as he leaves the question of the existence of the fact to the jury. The young girl upon whom this offense was committed testified that she was born on May 20, 1904; that she first went to live at the house of the defendant in March, 1917, when she was less than thirteen years of age, and that defendant first abused her in September, 1918. The minister who baptized her, in March, 1910, testified that her parents at that time stated the date

of her birth to have been May 20, 1904, that she then
appeared to be five or six years of age, and that he at the
time made an entry of the facts upon the church records
and signed and issued a certificate which was offered in
evidence. The defendant testified at the trial and said
that when the girl came to his home, in March, 1917, her
father told him that she was then about thirteen years
of age, that the girl had told him the same thing, and in
connection with this testimony we have this statement
from him, viz: "Q. Well, did you have any reason to
disbelieve her? A. We took her word for it, we didn't
know." He testified that the girl's mother was dead;
that he had known her father for more than forty years
and that, at the request of the father, he took the girl
into his family to live. It thus appeared that the de-
fendant knew all about the girl and her parents, but not
a scintilla of evidence was introduced tending to show
that the age of the girl was other than as testified to by
the witnesses for the Commonwealth. No question was
raised as to the age of the girl until the defendant made
a motion for a new trial, and he did not even then sug-
gest that there was any doubt as to the age of the girl.
This being the state of the evidence, the learned judge
of the court below was warranted in expressing a de-
cided opinion upon the fact as to the girl's age. The
question raised by these specifications of error is ruled
by the decision of the Supreme Court in Commonwealth
v. Orr, 138 Pa. 276, in which Chief Justice PAXSON, who
spoke for the court, said: "We have said in repeated
instances that it is not error for a judge to express his
opinion upon the facts if done fairly; nay, more, that it
may be his duty to do so in some cases, provided he does
not give a binding direction, or interfere with the prov-
ince of the jury. As an illustration of the comments of
the learned judge, the seventh and eighth assignments
furnish a fair example, where the court said: 'The doc-
tor's testimony, I presume, is conclusive evidence, or, if

not conclusive, almost conclusive, that very recently something of this kind had taken place with that girl.' "

The declarations of the girl, in the time of her extremity of labor, as to the paternity of the child, were admissible in support of the second count of the indictment, under the provisions of the Act of May 31, 1860, section 37, and the third and fourth specifications of error are overruled.

The granting or refusal of a new trial, on the ground of after-discovered evidence, is a matter involving the exercise of discretion by the trial court.   If this discretion is exercised in a legal and proper manner the action of the court in denying the motion is not reversible, but if the discretion of the court is abused and involves manifest injustice the judgment will be reversed. This defendant presented to the court below an affidavit which had been made by a man, representing his name to be Stewart, and mailed to defendant's counsel.   This affidavit stated that Stewart, the affiant, had cohabited with the girl a great many times, during the eight months ending October 16, 1919.   The defendant did not take the deposition of Stewart, and it does not appear that the Commonwealth had any opportunity to cross-examine him while under oath.   An affidavit coming from such a source and presented in such a manner is naturally an object of suspicion, and it would certainly be unsafe to lay it down as a general rule that a new trial must be granted in every case where such a paper is presented.   No attempt was made by the defendant at the trial to show that the girl had not been of good general reputation, and even if it were admitted that she had unlawful relation with Stewart in 1919, months after she had been first abused by the defendant, that fact would not change the character of the offense of which this defendant was convicted and for which he was sentenced: Com. v. Allen, 135 Pa. 483; Com. v. Howe, 35 Pa. Superior Ct. 554.   The fifth and sixth specifications of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.